UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-24497-CIV-WILLIAMS/GOODMAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FARHAN KHAN, *et al.*,

        Defendants.
_____/

REPORT AND RECOMMENDATIONS FOLLOWING
THE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

This Report and Recommendations concerns a request by the United States of America ("Plaintiff" or "Government") for a preliminary injunction [ECF Nos. 1; 4]. The Government filed this civil action on November 27, 2023 pursuant to the Anti-Fraud Injunction Statute, 18 U.S.C. § 1345. *Id.* The Complaint was accompanied by the United States' *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue with Supporting Memorandum of Law [ECF No. 4 ("Motion")].

On November 30, 2023, United States District Judge Kathleen M. Williams issued an *Ex Parte* Temporary Restraining Order ("TRO"), freezing certain assets, and appointing Stephanie A. Casey as a temporary receiver ("Temporary Receiver") of Altitude Processing, Inc. and RSC LLC. [ECF No. 11]. Judge Williams' Order referred to

the Undersigned the Government's request for a preliminary injunction, set a December 14, 2023 preliminary injunction hearing, and issued a briefing schedule. *Id.* at 15. To date, no Defendant has filed a response and the time to do so has passed. Late last night, however, Defendants Christopher Foufas, RSC LLC, RSC of Florida LLC and YO! Inc. moved to dissolve or modify the TRO. [ECF No. 28].

On December 14, 2023, the Undersigned held the preliminary injunction hearing. [ECF No. 29]. The Government's counsel, the Temporary Receiver and her counsel, and attorneys for Defendants RSC LLC, RSC of Florida LLC, YO! Inc., Christopher Foufas, and Brandon Hahn attended the hearing. Defendants Farhan Khan, Melinda Petithomme, and Jeremy Todd Briley did not attend the hearing and no attorney appeared on their behalf. Moreover, no corporate representative or attorney appeared for Altitude Processing, Inc. (the Florida corporation) and Altitude Processing, Inc. (the Delaware corporation). Judge Williams' Order [ECF No. 11] *permitted*, but did not *require*, Defendants to attend today's hearing.[1]

During the hearing, the Government and counsel for those Defendants who attended the hearing (RSC LLC, RSC of Florida LLC, YO! Inc., Christopher Foufas, and Brandon Hahn) reached a tentative consensus on the entry of an *agreed* preliminary injunction which requires approval from supervisors and officials at the Department of

---

[1] The TRO provided that "Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to Federal Rule of Civil Procedure 65 and this Court's inherent authority."

Justice. Additionally, Defendants RSC LLC, RSC of Florida LLC, YO! Inc. and Christopher Foufas reached an agreement with the Temporary Receiver concerning the number of frozen accounts at American Commercial Bank & Trust and ensuring that the payroll is met for the employees of The Payment Shop, LLC, discussed in more detail below.

For these reasons, the Undersigned respectfully **recommends** that Judge Williams: (1) **extend the TRO** [ECF No. 11] until **at least Tuesday, December 19, 2023**, to allow the Government sufficient time to obtain the necessary approvals from the Department of Justice and (2) **approve** the agreement between the Temporary Receiver and Defendants Christopher Foufas, RSC LLC, RSC of Florida LLC and YO! Inc.

In the interim, the evidentiary hearing on the Government's request for a preliminary injunction [ECF No. 4] and the motion to dissolve or modify the TRO [ECF No. 28] is re-set to **Tuesday, December 19, 2023** at **1:30 PM** before the Undersigned. The parties and the Undersigned hope that the December 19, 2023 hearing will be timely cancelled because we anticipate that there will be a resolution between the Government and Defendants who were present on issues which would otherwise be addressed at the preliminary injunction hearing.

I. **Background**[2]

The Government initiated the instant action by filing a Complaint against Farhan Khan ("Khan"), in his individual capacity and as *de facto* owner of Altitude Processing, Inc.; Melinda Petithomme ("Petithomme"), in her individual capacity and as an officer of Altitude Processing, Inc.; Altitude Processing, Inc. (a Florida corporation); Altitude Processing, Inc. (a Delaware corporation); Jeremy Todd Briley ("Briley"); RSC LLC, RSC of Florida LLC; YO! Inc., Christopher Foufas ("Foufas"), in his individual capacity and as an officer of RSC LLC and YO! Inc.; and Brandon Hahn ("Hahn"), in his individual capacity and as an officer of RSC and YO! Inc., (collectively, "Defendants"). [ECF No. 1].

The Complaint seeks a "temporary restraining order, [a] preliminary and permanent injunction, and other equitable relief pursuant to 18 U.S.C. § 1345 in order to enjoin the [alleged] ongoing commission of criminal wire fraud and bank fraud in violation of 18 U.S.C. §§ 1343, 1344, and 1349." *Id.* at ¶ 1.

It alleges that "Defendants operate and conspire to operate a bank and wire fraud scheme that preys upon individuals and small businesses across the United States. The scheme involves obtaining victims' banking information without their consent and making recurring, unauthorized withdrawals from their bank accounts." *Id.* at ¶ 2.

---

[2] The Undersigned did not take testimony or admit other evidence at the December 14, 2023 hearing and makes no factual findings in this Report and Recommendation. I include a brief summary of some of the facts alleged in the Complaint only for context. If the December 19, 2023 preliminary injunction hearing takes place, then I will issue a new Report and Recommendations (which will include my factual findings).

According to the Complaint, Defendant Khan operates Altitude Processing which "purports to provide online marketing services to small businesses" but "[i]n reality, small businesses charged by Altitude Processing never signed up for-or received any services from Altitude Processing." *Id.* at ¶ 3. Defendant Petithomme purportedly allows Khan to operate this business under her name. *Id.* at ¶ 4.

The Complaint further alleges that "Briley seeks out relationships with banks and third-party payment processors to process victims' unauthorized charges for Altitude Processing." *Id.* at ¶ 5. Defendants Foufas and Hahn, executives of RSC LLC and YO! Inc., purportedly "opened bank accounts used for the scheme and have knowingly processed unauthorized withdrawals from victims' bank accounts on behalf of Altitude Processing since at least September 2021." *Id.* at ¶ 6.

In conjunction with the filing of its Complaint, the Government filed the instant Motion [ECF No. 4] seeking a TRO and other relief and, upon the expiration of the TRO, a preliminary injunction. As noted above, the Court granted the TRO. [ECF No. 11].

## II. Applicable Legal Standard

Federal Rule of Civil Procedure 65 provides that "[t]he [C]ourt may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).[3] "The

---

[3] In the instant case, the Government filed a notice [ECF No. 22] stating that it "served [ ] Defendants with summonses, copies of the Complaint, and copies of the Temporary Restraining Order." The Government's notice includes copies of the proofs of service. [ECF Nos. 22-1–22-9].

purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834, 68 L. Ed. 2d 175 (1981).

Ordinarily, to obtain a preliminary injunction, a party seeking the relief must make the following four showings: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Wreal, LLC v. Amazon.Com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*); *accord Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

> But, in certain instances where the injunction concerns a statutory violation:
>
> the Government does not have to show irreparable harm or balance the parties' interests. Instead, "the requirements for injunctive relief are met 'when the government establishes that defendants have violated the statute and . . . [there] exists some cognizable danger of recurrent violation.'" [*United States v. Medina*, 718 F. Supp. 928, 930 (S.D. Fla. 1989)] (quoting *United States v. Sene X Eleemosynary Corp.*, 479 F. Supp. 970, 981 (S.D. Fla. 1979) (internal quotations omitted)).

*United States v. Am. Therapeutic Corp.*, 797 F. Supp. 2d 1289, 1291 (S.D. Fla. 2011).

In those instances, "[o]nce illegal activity is clearly demonstrated by a plaintiff under 18 U.S.C. [§] 1345, [then] the remaining equitable factors of continuing irreparable injury, the balance of hardships to the parties, and the public interest are presumed to

weigh in favor of granting injunctive relief." *United States v. Williams*, 476 F. Supp. 2d 1368, 1377 (M.D. Fla. 2007); *see also United States v. Aid Med. Equip., Inc.*, No. 05-21461-CIV, 2006 WL 8433161, at *1 (S.D. Fla. Mar. 29, 2006) ("Because the United States' motion is based upon 18 U.S.C. § 1345, which expressly authorizes injunctive relief to protect the public interest, no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required prior to the issuance of a preliminary injunction[.]").

At the December 14, 2023 hearing, the Government and counsel for those Defendants who were present (Defendants Christopher Foufas, RSC LLC, RSC of Florida LLC, YO! Inc. and Brandon Hahn) agreed that the lower legal standard outlined above applies to the preliminary injunction sought by the Government in this case.

"If a party establishes the right to a preliminary injunction, its scope 'must be narrowly tailored to fit specific legal violations, because the district court should not impose unnecessary burdens on lawful activity.'" *United States v. Bacaner*, No. 8:21-CV-0391-T-VMC-SPF, 2021 WL 3508135, at *5 (M.D. Fla. Aug. 3, 2021), *report and recommendation adopted*, No. 8:21-CV-391-VMC-SPF, 2021 WL 4948149 (M.D. Fla. Sept. 1, 2021) (quoting *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002)).

**III.   Discussion**

As noted above, the Government and counsel for Defendants RSC LLC, RSC of Florida LLC, YO! Inc., Christopher Foufas, and Brandon Hahn negotiated the terms of an anticipated agreed preliminary injunction. However, those terms must be reviewed and approved by supervisors and officials at the Department of Justice. In order to allow sufficient time for that process, the Government and those Defendants who were present at today's hearing (Defendants RSC LLC, RSC of Florida LLC, YO! Inc., Christopher Foufas, and Brandon Hahn) agreed to a short extension of the TRO until **at least Tuesday, December 19, 2023**. On that day, if the parties have not finalized their agreement, then the Undersigned will hold a preliminary injunction hearing at **1:30 PM**. Additionally, unless cancelled because of an agreement, I will also hold a hearing on Defendants RSC LLC, RSC of Florida LLC, YO! Inc., and Christopher Foufas' motion to dissolve or modify the TRO [ECF No. 28].

At the December 14, 2023 hearing, the Temporary Receiver and Defendants RSC LLC, RSC of Florida LLC, YO! Inc., and Christopher Foufas placed the following agreement on the record: The Temporary Receiver agrees to contact American Commercial Bank & Trust to reduce the number of accounts that have been frozen by the TRO. Additionally, the Temporary Receiver agrees to ensure that payroll is timely made for employees of The Payment Shop, LLC. Attorney Brian Barakat will provide to the Temporary Receiver later today the information necessary for the payroll.

**IV.    Conclusion**

Based on the foregoing, the Undersigned **respectfully recommends** that the District Court **extend** the TRO [ECF No. 11] **until at least Tuesday, December 19, 2023** to allow the parties to finalize their agreement or, if necessary, to permit the Undersigned to hold a preliminary injunction hearing (if an agreement is not finalized). The Undersigned also **respectfully recommends** that the District Court **approve** the agreement reached between the Temporary Receiver and Defendants RSC LLC, RSC of Florida LLC, YO! Inc., and Christopher Foufas, as outlined above.

The Government will provide copies of this Report and Recommendations to all Defendants who did not appear (either in person or through counsel) at the hearing and file a notice of compliance on CM/ECF by no later than **10:00 AM** on **Friday, December 15, 2023**.

**V.    Objections**

The parties will have one (1) day[4] from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Kathleen M. Williams. Each party may file a response to the other party's objection within one (1) day of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in

---

[4] The Undersigned is shortening the deadline to file objections and responses to any objections from fourteen (14) days to one (1) day given the anticipated agreement negotiated by those parties who were present at the December 14, 2023 hearing.

9

the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on December 14, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record