UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 23-24497-CIV-WILLIAMS/GOODMAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FARHAN KHAN, *et al.*,

        Defendants.

_____/

REPORT AND RECOMMENDATIONS ON
JOINT STIPULATION RE: ENTRY OF PRELIMINARY INJUNCTION

This Report and Recommendations concerns a request by the United States of America ("Plaintiff" or "Government") for a preliminary injunction [ECF Nos. 1; 4]. The Government filed this civil action on November 27, 2023 pursuant to the Anti-Fraud Injunction Statute, 18 U.S.C. § 1345. *Id.* The Complaint was accompanied by the United States' *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue with Supporting Memorandum of Law [ECF No. 4 ("Motion")].

On November 30, 2023, United States District Judge Kathleen M. Williams issued an *Ex Parte* Temporary Restraining Order ("TRO"), freezing certain assets, and

appointing Stephanie A. Casey as a temporary receiver ("Temporary Receiver") of Altitude Processing, Inc. and RSC LLC. [ECF No. 11]. Judge Williams' Order referred to the Undersigned the Government's request for a preliminary injunction, set a December 14, 2023 preliminary injunction hearing, and issued a briefing schedule. *Id.* at 15.

On December 14, 2023, the Undersigned held the preliminary injunction hearing. [ECF No. 29]. At the hearing, the Government and counsel for those Defendants who attended the hearing (RSC LLC, RSC of Florida LLC, YO! Inc., Christopher Foufas, and Brandon Hahn) reached a tentative consensus on the entry of an *agreed* preliminary injunction requiring approval from supervisors and officials at the Department of Justice.

On the same day, the Undersigned issued a Report and Recommendations recommending "that the District Court extend the TRO [ECF No. 11] until at least Tuesday, December 19, 2023 to allow the parties to finalize their agreement or, if necessary, to permit the Undersigned to hold a preliminary injunction hearing (if an agreement [was] not finalized)." [ECF No. 30, p. 9]. Judge Williams adopted this Report and Recommendations and extended the TRO to "December 19, 2023, until after the conclusion of the rescheduled Preliminary Injunction Hearing." [ECF No. 36, p. 2].

This afternoon, the Government and Defendants Christopher Foufas, Brandon Hahn, RSC LLC, RSC of Florida LLC, and YO! Inc. filed a joint stipulation for the entry of an Order Consenting to Entry of Preliminary Injunction with Asset Freeze and Appointment of Temporary Receiver with Clarifications ("Proposed Order").

2

As discussed in more detail below, the Undersigned respectfully **recommends** that Judge Williams **enter** the Proposed Order [ECF No. 37, pp. 6–8].

I.   **Background**[1]

The Government initiated the instant action by filing a Complaint against Farhan Khan ("Khan"), in his individual capacity and as *de facto* owner of Altitude Processing, Inc.; Melinda Petit-Homme ("Petit-Homme"),[2] in her individual capacity and as an officer of Altitude Processing, Inc.; Altitude Processing, Inc. (a Florida corporation); Altitude Processing, Inc. (a Delaware corporation); Jeremy Todd Briley ("Briley"); RSC LLC, RSC of Florida LLC; YO! Inc., Christopher Foufas ("Foufas"), in his individual capacity and as an officer of RSC LLC and YO! Inc.; and Brandon Hahn ("Hahn"), in his individual capacity and as an officer of RSC and YO! Inc., (collectively, "Defendants"). [ECF No. 1].

The Complaint seeks a "temporary restraining order, [a] preliminary and permanent injunction, and other equitable relief pursuant to 18 U.S.C. § 1345 in order to enjoin the [alleged] ongoing commission of criminal wire fraud and bank fraud in violation of 18 U.S.C. §§ 1343, 1344, and 1349." *Id.* at ¶ 1.

It alleges that "Defendants operate and conspire to operate a bank and wire fraud scheme that preys upon individuals and small businesses across the United States. The

---

[1]   This Report and Recommendations contains no factual findings. The facts summarized here are from the Complaint and were included solely to provide context.

[2]   The Government has since entered into a joint stipulation for entry of a consent decree and final judgment with Defendant Petit-Homme. [ECF No. 34].

3

scheme involves obtaining victims' banking information without their consent and making recurring, unauthorized withdrawals from their bank accounts." *Id.* at ¶ 2.

According to the Complaint, Defendant Khan operates Altitude Processing which "purports to provide online marketing services to small businesses" but "[i]n reality, small businesses charged by Altitude Processing never signed up for-or received any services from Altitude Processing." *Id.* at ¶ 3. Defendant Petit-Homme purportedly allows Khan to operate this business under her name. *Id.* at ¶ 4.

The Complaint further alleges that "Briley seeks out relationships with banks and third-party payment processors to process victims' unauthorized charges for Altitude Processing." *Id.* at ¶ 5. Defendants Foufas and Hahn, executives of RSC LLC and YO! Inc., purportedly "opened bank accounts used for the scheme and have knowingly processed unauthorized withdrawals from victims' bank accounts on behalf of Altitude Processing since at least September 2021." *Id.* at ¶ 6.

In conjunction with the filing of its Complaint, the Government filed the instant Motion [ECF No. 4] seeking a TRO and other relief and, upon the expiration of the TRO, a preliminary injunction. As noted above, the Court granted the TRO. [ECF No. 11].

## II. Applicable Legal Standard

As indicated in the Undersigned's earlier Report and Recommendations, the Government and those Defendants present at the December 14, 2023 hearing agreed that

4

the following lower legal standard applies to the preliminary injunction sought by the Government in the instant case. [ECF No. 30, p. 7].

> Where, as here, the injunction concerns a statutory violation:
>
> the Government does not have to show irreparable harm or balance the parties' interests. Instead, "the requirements for injunctive relief are met 'when the [G]overnment establishes that defendants have violated the statute and . . . [there] exists some cognizable danger of recurrent violation.'" [*United States v. Medina*, 718 F. Supp. 928, 930 (S.D. Fla. 1989)] (quoting *United States v. Sene X Eleemosynary Corp.*, 479 F. Supp. 970, 981 (S.D. Fla. 1979) (internal quotations omitted)).

*United States v. Am. Therapeutic Corp.*, 797 F. Supp. 2d 1289, 1291 (S.D. Fla. 2011).

In those instances, "[o]nce illegal activity is clearly demonstrated by a plaintiff under 18 U.S.C. [§] 1345, [then] the remaining equitable factors of continuing irreparable injury, the balance of hardships to the parties, and the public interest are presumed to weigh in favor of granting injunctive relief." *United States v. Williams*, 476 F. Supp. 2d 1368, 1377 (M.D. Fla. 2007); *see also United States v. Aid Med. Equip., Inc.*, No. 05-21461-CIV, 2006 WL 8433161, at *1 (S.D. Fla. Mar. 29, 2006) ("Because the United States' motion is based upon 18 U.S.C. § 1345, which expressly authorizes injunctive relief to protect the public interest, no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required prior to the issuance of a preliminary injunction[.]").

"If a party establishes the right to a preliminary injunction, its scope 'must be narrowly tailored to fit specific legal violations, because the district court should not

impose unnecessary burdens on lawful activity.'" *United States v. Bacaner*, No. 8:21-CV-0391-T-VMC-SPF, 2021 WL 3508135, at *5 (M.D. Fla. Aug. 3, 2021), *report and recommendation adopted*, No. 8:21-CV-391-VMC-SPF, 2021 WL 4948149 (M.D. Fla. Sept. 1, 2021) (quoting *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002)).

### III. Discussion

As noted above, the Government and Defendants Foufas, Hahn, RSC LLC, RSC of Florida LLC, and YO! Inc. have agreed to the entry of a preliminary injunction, the terms of which are outlined in the parties' Proposed Order [ECF No. 37, pp 6–8]. The parties' joint stipulation further states that:

> 2. For the purposes of this action, **Defendants admit the facts necessary to establish jurisdiction and agree that this Court may enter and enforce this Proposed Order**.
>
> 3. Defendants do not admit liability or wrongdoing. Other than the facts necessary to establish jurisdiction, Defendants do not admit any direct knowledge of or involvement in the conduct alleged in the Complaint.
>
> ***
>
> 5. The undersigned parties and counsel each represent that they are fully authorized to enter into the terms and conditions of the Proposed Order and to execute and legally bind to this document the party which they represent.

*Id.* at ¶¶ 2, 3, 5 (emphasis added).

Because, as noted above, "Defendants admit the facts necessary to establish jurisdiction and agree that this Court may enter and enforce this Proposed Order," the Court should enter the Proposed Order [ECF No. 37, pp. 6–8].

## IV. Conclusion

Based on the foregoing, the Undersigned **respectfully recommends** that the District Court **enter** the Proposed Order [ECF No. 37, pp. 6–8].

The Government will provide copies of this Report and Recommendations to all Defendants who have not entered an appearance in this case and file a notice of compliance on CM/ECF by no later than **10:00 AM** on **Tuesday, December 19, 2023**.

## V. Objections

The parties will have one (1) day[3] from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Kathleen M. Williams. Each party may file a response to the other party's objection within one (1) day of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary

---

[3] The Undersigned is shortening the deadline to file objections and responses to any objections from fourteen (14) days to one (1) day given the parties' stipulated submission of the Proposed Order [ECF No. 37, pp. 6–8] and the expiration of the TRO on December 19, 2023.

...


in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on December 14, 2023.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record