UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-24497-CV-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FARHAN KHAN, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on United States Magistrate Judge Jonathan Goodman's Report and Recommendation on Joint Stipulation Re: Entry of Preliminary Injunction (DE 38) ("***Report***"). In the Report, Judge Goodman recommends that the Court enter the Parties' Proposed Order Consenting to Entry of Preliminary Injunction with Asset Freeze and Appointment of Temporary Receiver with Clarifications. (*Id.* at 3, 7.) No Party filed objections to the Report and the time to do so has passed.

Accordingly, upon review of the Report and the record, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (DE 38) is **AFFIRMED AND ADOPTED**.

2. A Preliminary Injunction with the language contained in the Temporary Restraining Order with Asset Freeze and Appointment of Temporary Receiver (DE 11) ("***TRO***") is **ENTERED** with the following clarifications:

    a. The Payment Shop, LLC ("***TPS***"), a Delaware Limited Liability Company, is a company owned and managed by Defendant Christopher Foufas that is not a named Party to this lawsuit. Accordingly, the Preliminary Injunction

shall not apply to that entity except to the extent it is covered by virtue of its relationship with the other named Defendants. Defendants Foufas and Hahn agree that they may not take any actions through TPS or any other entity that they are prohibited from taking by the Preliminary Injunction.

b. American Commercial Bank and Trust ("**Bank**") is directed not to encumber TPS' accounts that are not otherwise governed by the Preliminary Injunction's asset freeze.

c. The Bank accounts titled: (i) THE PAYMENT SHOP LLC, FBO ALTITUDE PROCESSING INC, Account ****875; and (ii) RSC, LLC ***361:

   i. Are covered by the preliminary injunction's asset freeze because they are in the name of or for the benefit of the named Parties encumbered by the Preliminary Injunction.

   ii. Any other accounts in the name of or for the benefit of the named Parties encumbered by the Preliminary Injunction are also covered.

d. Defendant Foufas represents that a portion, but not all, of the funds in the TPS Reserve Account ***717 ("**Reserve Account**") held by the Bank are for the benefit of Altitude Processing or its customers and are therefore covered by the Preliminary Injunction.

   i. The Parties agree to meet and confer as to the portion of the Reserve Account which is for the benefit of Altitude Processing or its customers and then segregate those funds to be governed by the Preliminary Injunction.

    ii. The Parties will attempt to agree to the appropriate percentage of the Reserve Account, which is for the benefit of Altitude Processing or its customers, and work with the Bank to develop an appropriate mechanism to protect those funds, either by opening a new account or holding a portion of the existing account.

e. The remaining TPS accounts and the YO! Inc. account associated with Christopher Foufas shall not be encumbered by the asset freeze component of the Preliminary Injunction.

f. Defendants Foufas and Hahn represent that the TPS payment gateway (referred to as the "client portal" in the Receiver's preliminary report (DE 25)) is the property of TPS. Defendants Foufas and Hahn agree that they may not take any actions through the TPS payment gateway that they are prohibited from taking by the Preliminary Injunction. Defendants Foufas and Hahn further agree to cooperate with the Receiver to ensure that the TPS payment gateway is not used to take such prohibited actions.

g. The modifications in this Order are without prejudice to the Receiver's ability to identify additional accounts as owned, controlled, or held by or for the benefit of the Receivership Entities, as defined in the TRO and incorporated into the Preliminary Injunction Order.

h. The modifications in this Order are without prejudice to the government or Receiver's ability to seek to modify or expand the Preliminary Injunction in the future.

    i.  The modifications in this Order are without prejudice to Defendants Christopher Foufas, Brandon Hahn, RSC LLC, RSC of Florida LLC, and YO! Inc.'s ability to seek to modify or dissolve the TRO and/or the Preliminary Injunction in the future.

    j.  No later than two business days following the Court's entry of this Order, the Government will provide copies of this Order via email or U.S. Mail to all Defendants who have not appeared in this action and file a notice of compliance on CM/ECF.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this <u>20th</u> day of December, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE