UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-CV-24497-BECERRA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FARHAN KHAN, in his individual capacity and as *de facto* owner of ALTITUDE PROCESSING, INC.; MELINDA PETIT-HOMME, in her individual capacity and as an officer of ALTITUDE PROCESSING, INC.; ALTITUDE PROCESSING, INC., a Florida corporation; ALTITUDE PROCESSING, INC., a Delaware corporation; JEREMY TODD BRILEY, in his individual capacity; RSC LLC, a Delaware Limited Liability company; RSC of Florida LLC, a Florida Limited Liability company; YO! INC., a Nevada corporation; CHRISTOPHER FOUFAS, in his individual capacity and as an officer of RSC LLC and YO! INC.; BRANDON HAHN, in his individual capacity and as an officer of RSC LLC and YO! INC.

    Defendants.

**RECEIVER'S SECOND STATUS REPORT**

Pursuant to the Court's *Ex Parte* Temporary Restraining Order with Asset Freeze and Appointment of Temporary Receiver (the "TRO and Asset Freeze Order") [D.E. 11],[1] Stephanie A. Casey, in her capacity as Receiver of Defendants Altitude Processing, Inc. ("Altitude Processing") and RSC LLC ("RSC"), and any other entities controlled or owned by them (collectively, the "Receivership Entities") respectfully provides this First Status Report to apprise the Court of the Receiver's activities to date.

## I.   Procedural Background.

On November 27, 2023, the United States filed a complaint pursuant to 18 U.S.C. § 1345 against the Defendants to enjoin the ongoing commission of a wire and bank fraud scheme preying upon individuals and small businesses in the United States. [D.E. 1.] The United States also sought *ex parte* emergency relief including the entry of a temporary restraining order freezing the assets of the Receivership Entities and appointing a temporary receiver. [D.E. 11.]

According to the Complaint, Defendant Farhan Khan, with the assistance of Defendants Melissa Petit-Homme and Jeremy Todd Briley, perpetrated a scheme operated through Altitude Processing, sometimes doing business as "Clear Marketing

---

[1] The TRO and Asset Freeze Order requires the Receiver to file a status report every 60 days with the Court. [D.E. 11, at 10.] On December 21, 2023, the Court entered a Preliminary Injunction Order [D.E. 45] that incorporated the language contained in the TRO and Asset Freeze Order with certain clarifications not relevant to the filing of the status report. The Receiver was required to file to file her first application for fees and costs no more than 60 days after the date of the TRO and Asset Freeze Order (i.e., January 29, 2024), and periodically thereafter. [D.E. 11, at 14; D.E. 67.] The Receiver intends to file her second application for fees and costs on or before April 8, 2024.

Agency," which charged small businesses or individuals for purported online marketing services that the victims either never signed up for or never received. The Complaint alleges Defendants RSC, YO! Inc. and their executives, Christopher Foufas and Brandon Hahn, opened several bank accounts used to process payments for the scheme and made unauthorized withdrawals from victims' bank accounts for the benefit of Altitude Processing. Foufas allegedly managed a "customer service" call center for Altitude Processing that fielded victim complaints and offered refunds to try to dissuade complainants from reporting the unauthorized charges, while Hahn allegedly managed a "client portal" on client.runchecks.com, through which Khan and others uploaded victims' payment information. According to the Complaint, Hahn also processed unauthorized charges and tracked victim refunds, and Khan managed a bogus website for Clear Marketing Agency (clearmarketingagency.com), which claimed to offer marketing services.

On November 30, 2023, the Court entered the TRO and Asset Freeze Order [D.E. 11] granting the United States' *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause [D.E. 4]. Among other things, the TRO and Asset Freeze Order appointed the undersigned as the Temporary Receiver over the Receivership Entities and temporarily froze the assets of the Receivership Entities, pending the Court's entry of a preliminary injunction.

A hearing on the United States' request for an entry of a preliminary injunction was held before Judge Goodman on December 14, 2023, and attended by the United States, the Receiver and her counsel, and Defendants RSC LLC, RSC of Florida LLC,

YO! Inc., Christopher Foufas, and Brandon Hahn. [D.E. 30.] The United States and the Defendants present at the hearing ultimately agreed on the entry of an agreed preliminary injunction. [D.E. 37.] On December 21, 2023, the Court entered an Order adopting Judge Goodman's report and recommendation approving the Joint Stipulation of the United States, and Defendants Christopher Foufas, Brandon Hahn, RSC LLC, RSC of Florida LLC, and YO! Inc., which stipulated to the entry of a preliminary injunction in this matter (the "Preliminary Injunction Order"). [D.E. 45.]

The Preliminary Injunction Order incorporated the language contained in the TRO and Asset Freeze Order with certain clarifications, including that: the preliminary injunction did not apply to an entity named The Payment Shop, LLC ("TPS"), except to the extent it was covered by virtue of its relationship with the other named Defendants; the American Commercial Bank and Trust would not encumber TPS's accounts that were not otherwise governed by the preliminary injunction's asset freeze; certain accounts at the American Commercial Bank and Trust were covered by the asset freeze (as further discussed below); the parties would confer on how to handle funds in one bank account referred to as the TPS Reserve Account (also discussed further below); additional TPS and YO! Inc. accounts would not be encumbered by the asset freeze; and Defendants Foufas and Hahn agreed to cooperate with the Receiver to ensure that the TPS payment gateway was not used to take any prohibited actions.

Further, Defendant Melinda Petit Homme agreed to the entry of a consent decree and final judgment against her [D.E. 34], while Defendants Khan, Hahn,

4

Foufas, RSC LLC, RSC of Florida LLC, and YO! Inc. answered the complaint. [D.E. 56, 57, 62.] A Clerk's Default was entered as to Altitude Processing, Inc. and Jeremy Todd Briley on January 26, 2024 [D.E. 65]; a Motion for Default Final Judgment against them is pending [D.E. 82].

## II. Actions Taken By The Temporary Receiver During the Reporting Period [January 20, 2024 through March 29, 2024].

### A. Physical Property.

On December 5, 2023, search warrants were executed on certain premises, including two locations in Key Biscayne, Florida, associated with Defendants Foufas and RSC. One such Key Biscayne location included an office where, upon information and belief, Foufas managed the operations of RSC. After the search was concluded by law enforcement agents, the Receiver took possession of certain assets reasonably believed at the time to be in the possession, custody, or control of RSC, including computer monitors, computer accessories, blank checks, a check writing machine, and assorted office equipment. Obvious personal effects located in the office (including several suitcases and a trunk with clothes) were left behind, secured with a locked door. Receiver and her counsel subsequently provided counsel for Foufas with an inventory of items, which Foufas identified as personal items belonging to him individually, rather than items belonging to the Receivership Entities. Receiver and

5

her counsel returned the personal items on March 5, 2024; receipt of all items was confirmed in writing.

No other physical property belonging to the Receivership Entities has been uncovered to date.

### B. Bank Accounts.

On December 6, 2023, the Temporary Receiver sent letters enclosing the TRO and Asset Freeze to six different institutions, where funds of the Receivership Entities might be held. Of these banks, American Commercial Bank and Trust ("ACB") was the only institution that identified open accounts that could be covered by the TRO and Asset Freeze. Twenty-five ACB open accounts were temporarily frozen.

On December 14, 2023, Receiver and her counsel conferred with counsel for Foufas, and RSC LLC and RSC of Florida LLC (the "RSC entities"). The Preliminary Injunction Order reflects the understanding of the Receiver as to the ACB accounts, based on representations made by counsel for Foufas and the RSC entities. [D.E. 45, at 2-3.] Immediately following the entry of the Preliminary Injunction Order, the Receiver directed ACB to lift the temporary freeze on all ACB accounts except for the bank accounts titled in the name of or referencing one of the Receivership Entities: (i) THE PAYMENT SHOP LLC, FBO ALTITUDE PROCESSING INC, Account ****875; (ii) RSC, LLC ***361; and (iii) TPS Reserve Account ***717. The TPS Reserve Account holds funds for the benefit of Altitude Processing Inc., as well as

other entities. Should the Court expand the receivership to include TPS, this issue would become moot: all assets in the reserve account would remain frozen.

The Receiver and her counsel obtained and reviewed the account records for the frozen ACB accounts, as well as certain other bank accounts that are currently closed but had been, prior to closure, in the name of the Receivership Entities. As part of the Receiver and her counsel's investigation, an additional bank account at Middlesex Federal Savings, F.A. ("Middlesex") was identified in the name of Altitude Processing, Inc.

In total, the funds recovered from the Receivership Entities are:

| **Financial Institution/Account** | **Balance** |
|---|---|
| ACB Account x875 | $98,912.49 |
| ACB Account x361 | $904.66 |
| Middlesex Account x146 | $10,227.78 |

Additionally, the TPS Reserve Account holds $120,377.08.

However, to date, the Receiver's investigation has identified approximately $23 million that flowed from accounts held (or previously held) in the name of RSC or TPS to accounts held by Altitude Processing, Inc. and to third parties. To assist in further identification of assets and potential fraudulent transfers, subpoenas for records have been served on: Bank of America; Evolve Bank and Trust; Lead Bank; Silvergate Bank; and Legalcorp Solutions. Records have been received pursuant to those subpoenas from all the non-parties except for Legalcorp Solutions. Additionally, subpoenas for records have been issued to Wyre Payments and Windsor

7

Commerce, two entities that received a high volume of funds from the RSC accounts, but we have not yet been able to serve those non-parties.

### C. Discovery Efforts.

The Preliminary Injunction Order requires Defendants and all persons in active concert or participation with them to "fully cooperate and assist the Receiver." [D.E. 11, at 10.]

On February 13, 2024, Receiver's counsel took the sworn statement of Defendant Melinda Petit-Homme (*pro se*). It was confirmed that Ms. Petit-Homme has very limited substantive knowledge about Altitude Processing, Inc.

On February 21, 2024, Receiver's counsel took the deposition of Defendant Brandon Hahn, who provided further information on RSC's systems and supposed customers. Mr. Hahn also provided access to the "client portal," client.runchecks.com, which is owned by The Payment Shop, but also used by RSC. The Receiver will be able to use this information to identify the scheme's victims.

Defendant Farhan Khan has disclaimed ownership or control of Altitude Processing, Inc., has declined to identify any bank accounts associated with Altitude or his personal financial accounts, and has asserted his Fifth Amendment privilege against self-incrimination in response to all of the Department of Justice's substantive allegations in the Complaint and also in response to discovery requests propounded by the Receiver. A hearing on Defendant Khan's responses has been noticed by the Receiver for April 12, 2024, at 2:30 pm. [D.E. 89.]

Finally, Receiver's counsel is conferring with counsel for Defendant Christopher Foufas to schedule his deposition in April.

### D. Mail, Websites, and Phone Numbers.

On December 6, 2023, the Temporary Receiver and her counsel visited a UPS Store where RSC was believed to have a postal box to receive mail. The Temporary Receiver learned the postal box is registered in the name of Defendant Foufas, and not the Receivership Entities. Counsel for the Temporary Receiver has been unable, as of yet, to ascertain whether mail to the Receivership Entities is received at that location.

The Receiver has received access to the "client portal," client.runchecks.com, which is owned by The Payment Shop.

Finally, the Receiver created an email address to communicate with victims. This email address has been provided to ACB to provide to any victims who contact the bank for information. The Receiver has received proof of the unauthorized charges from several victims. The Receiver is awaiting further development in fund recovery before instating a plan to make full or prorated refund payments to victims.

### E. Ongoing Business Operations.

There is no indication that any legitimate marketing services, or any other legitimate business services, were being supplied by the Receivership Entities. Thus, the Receiver has not assumed control over any ongoing business operations of the Receivership Entities.

### III.   Anticipated Next Steps.

The Receiver's initial focus was on securing and maintaining the assets of the Receivership Entities. The Receiver has now opened a Receivership account to safeguard recovered funds. The Receiver anticipates taking the following actions in the next two months: (i) continue to identify sources of funds and assets; (ii) review transfers of funds and seek to recover funds that were fraudulently transferred; (iii) continue to identify potential victims of the alleged fraudulent conduct; (iv) investigate and commence litigation against third parties who may be liable for the perpetration of the Defendants' fraud; and (v) continue to respond to inquiries from victims, creditors, government officials, and interested parties.

Dated: March 29, 2024

Respectfully submitted,

By: *Stephanie A. Casey*
Stephanie A. Casey
Florida Bar No. 97483
**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: 305.476.7400
scasey@colson.com

*Court-Appointed Receiver*

## CERTIFICATE OF SERVICE ON UNREPRESENTED PARTIES

I HEREBY CERTIFY that a true and correct copy of the foregoing was served in the manner indicated below, on this 29th day of March, 2024, to the following:

| | |
|---|---|
| ***Counsel for United States of America via CM/ECF***<br><br>Carolyn F. Rice<br>U.S. Department of Justice<br>Consumer Protection Branch<br>450 5th Street NW Suite 6400S<br>Washington, DC 20001<br>Email: Carolyn.F.Rice@usdoj.gov<br><br>James Alan Weinkle<br>DOJ-USAO<br>USAO-Southern District of Florida<br>Alto Lee Adams Federal Courthouse<br>101 S. U.S. Highway One, Suite 3100<br>Fort Pierce, FL 34950<br>772-293-0945<br>Email: James.Weinkle@usdoj.gov<br><br>Meredith L. Reiter<br>U.S. Department of Justice<br>Consumer Protection Branch<br>P.O. Box 386<br>Washington, DC 20044<br>202-307-1286<br>Email: meredith.l.reiter@usdoj.gov | ***Counsel for Farhan Khan via CM/ECF***<br><br>James Allen Peterson<br>Peterson Legal P.A.<br>401 East Las Olas Boulevard<br>Suite 130-550<br>Fort Lauderdale, FL 33301<br>754-444-8076<br>Email: James@PetersonLegal.com |
| ***Counsel for RSC LLC, RSC of Florida LLC, YO! Inc., Christopher Foufas via CM/ECF***<br><br>Brian Barakat<br>Barakat Bossa, PLLC<br>2701 Ponce DE Leon Blvd.<br>Suite 202<br>Coral Gables, FL 33134<br>305-444-3114<br>Email: brian@triallawmiami.com | ***Counsel for Brandon Hahn via CM/ECF***<br><br>Barry Ethan Witlin<br>1200 S Pine Island Road<br>Plantation, FL 33324<br>954-473-4500<br>Fax: 473-1970<br>Email: witref@bellsouth.net |

| Grant Stanton Smith<br>Barakat Bossa, PLLC<br>2701 Ponce De Leon Blvd.<br>Suite 202<br>Coral Gables, FL 33134<br>786-326-0387<br>Email: gsmith@b2b.legal | |
|---|---|
| ***Via email***<br><br>Melinda Petit-Homme individually and on behalf of Altitude Processing Inc.<br>ammccph@gmail.com | ***Via Federal Express***<br><br>Jeremy Todd Briley<br>816 W Bear Lake Road<br>Tallulah, LA 71282 |

                                                      *Stephanie A. Casey*
                                                      Stephanie A. Casey